[714 NYS2d 229]

In the Matter of RICHARD KOPS, an Attorney, Resignor.

Second Department, September 25, 2000

### APPEARANCES OF COUNSEL

*Pelletreau & Pelletreau, L. L. P.,* Patchogue (*Benjamin L. Herzweig* of counsel), for resignor.

*Grace D. Moran,* Syosset, for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Richard Kops has submitted an affidavit dated May 17, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Kops was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 15, 1961.

Mr. Kops acknowledges an ongoing investigation by the Grievance Committee into charges of professional misconduct against him, and of the Committee's recommendation that a disciplinary proceeding be commenced against him. The complaints against him allege that in the course of representing Mr. and Mrs. Wayne Bates in the sale of their home, Mr. Kops received a down payment check from the purchasers in the amount of $220,000 which he was to hold in escrow. On July 1, 1999, Mr. Kops deposited that check into his attorney trust account at North Fork Bank. On July 16, 1999, he transferred $180,000 from that account into his escrow account at Chase Bank. On July 23, 1999, the balance in the escrow account was $5,005.46, notwithstanding that no disbursements had been made on behalf of the sellers or the purchasers.

On September 8, 1999, Mr. Kops wrote to the purchasers' attorney, disclosing that the down payment check had cleared and falsely asserting that he was holding the $220,000 in escrow. Prior to the closing on September 28, 1999, Mr. Kops agreed to continue to hold $200,000 of the down payment in escrow until two matters relating to the removal of an inground oil tank and a violation regarding a dock were resolved. Mr. Kops did not release any of the non-escrowed $20,000.

On or about January 13, 2000, the purchasers authorized the release of the down payment from escrow to the sellers. The balance of Mr. Kops' escrow account on January 13, 2000 was $141.54. Mr. Kops made only two disbursements from the escrowed funds and admits that he has not paid the remaining sum of $210,025 due the sellers.

The complaints further allege that on February 16, 2000, Mr. Kops represented Michael and Esperanza Otero in the sale of their home. The Oteros, who had relocated to Florida, gave Mr. Kops a power of attorney. At the closing on February 16, 2000, Mr. Kops disbursed from the $10,000 down payment he was holding, the sums of $460 in transfer taxes, a $510 fee to himself, and $9,030 to the Oteros. Mr. Kops received a check in the sum of $105,811 payable to himself as attorney which he deposited into his Chase Bank escrow account on February 17, 2000. He sent the Oteros a certified check in the sum of $45,811 on February 29, 2000, and promised to send the balance of $60,000 on March 7, 2000. The balance in the Chase account on February 29 was only $24,087.74.

Subsequent to being contacted by the Grievance Committee, Mr. Kops tendered two certified checks in the amount of $20,000 each, on March 21, 2000 and April 27, 2000.

Mr. Kops acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges which might be initiated against him based upon these facts. He avers that his resignation is freely and voluntarily tendered and that he has not been subject to coercion or duress. Mr. Kops has discussed his decision to resign with his attorney, and is fully aware of the implications of submitting his resignation, including being barred from seeking reinstatement for at least seven years.

Mr. Kops is also aware that any order permitting him to resign could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection. Mr. Kops is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

As the proffered resignation complies with all appropriate Court rules, it is accepted. Mr. Kops is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and FRIEDMANN, JJ., concur.

Ordered that the resignation of Richard Kops is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard Kops is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Richard Kops shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard Kops is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.